**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zachary Cox,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-08335-PCT-DWL<br><br>**ORDER** |

At issue is Defendant's denial of Plaintiff's application for Title XVI Supplemental Security Income under the Social Security Act ("Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of the denial, and the Court now considers Plaintiff's Opening Brief (Doc. 13, "Pl. Br."), Defendant's Response (Doc. 16, "Def. Br."), Plaintiff's Reply (Doc. 17), and the Administrative Record (Doc. 12, "R."). Because the Court finds legal error in the decision, it reverses and remands for further administrative proceedings.

**I.  BACKGROUND**

Plaintiff filed his application on August 7, 2014, alleging disability due to epilepsy and other impairments as of February 1, 2013. (R. at 17, 66.) His application was denied initially on March 13, 2015 and upon reconsideration on September 11, 2015. (R. at 17.) Plaintiff then appeared before an administrative law judge ("ALJ") on August 18, 2017. (*Id.*) On January 25, 2018, the ALJ issued his decision (R. at 17–28) finding Plaintiff not disabled, which was upheld by the Appeals Council on October 24, 2018 (R. at 1–3).

An individual is disabled on the basis of epilepsy if he experiences a generalized

tonic-clonic seizure once a month for three consecutive months or a dyscognitive seizure once a week for three consecutive months, despite adherence to prescribed treatment. 20 C.F.R. § 404, Subpt. P, App. 1, Listing 11.02(A)–(B). Seizures that occur when an individual is not adhering to prescribed treatment, without good reason, do not count. *Id.* at 11.00(H)(4)(d). Here, Plaintiff testified that he experienced 5-7 seizures a month, consisting of 4-5 dyscognitive (or petit mal) seizures and 1-2 tonic-clonic (or grand mal) seizures. (R. at 50, 229-30; Pl. Br. at 5.) Despite this testimony, the ALJ found that the above criteria for Listing 11.02 were not met. (R. at 22.) Plaintiff disputes this finding and brings this appeal alleging that the ALJ erred by (1) improperly rejecting his testimony and (2) improperly rejecting the opinion of his treating physician, Dr. Donald Golen. (Pl. Br. at 3.)

## II. LEGAL STANDARD

This Court has jurisdiction pursuant to 42 U.S.C. § 405(g), which provides that a reviewing court may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing. The district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the decision only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence" is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id. See also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). The Court "must consider the record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn*, 495 F.3d at 630. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The

Court reviews only the "reasoning and factual findings offered by the ALJ–not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *see also Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

To determine whether a claimant is "disabled" under the Act, the ALJ employs a five-step process. *See* 20 C.F.R. § 416.920(a)(4). The burden of proof is on the claimant for the first four steps but shifts to the ALJ at the last step. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must show he is not presently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). Second, he must show she suffers from a "severe medically determinable" impairment(s). *Id.* § 416.920(4)(ii). Third, he must show that the impairment meets or equals an impairment in Appendix 1 of Subpart P of 20 C.F.R § 404. *Id.* § 416.920(a)(4)(iii). However, if the claimant fails to satisfy step three, he can still make out a prima facie case of disability at step four by showing he is unable to perform any past relevant work and by meeting steps one and two. *Id.* § 416.920(a)(4)(iv). The ALJ determines if the claimant met step four by assessing the claimant's residual functional capacity ("RFC"). *Id.* At the fifth and final step, the burden shifts to the ALJ to show that the claimant is able to perform other work that exists in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* §§ 416.920(a)(4)(v).

## III. ANALYSIS

### A. The ALJ's reasons for assigning "partial weight" to Dr. Golen's opinion are not supported by "substantial evidence"

In assessing a claimant's RFC, the ALJ considers and evaluates the medical opinions in the record, assigns a weight to each, and resolves any conflicts or ambiguities between them. 20 C.F.R. § 416.927(c); *Garrison*, 759 F.3d at 1010. Generally, opinions of treating physicians are entitled to the greatest weight; opinions of examining, non-

treating physicians are entitled to lesser weight; and opinions of nonexamining physicians are entitled to the least weight. *Garrison*, 759 F.3d at 1012. If an ALJ is to depart from this general hierarchy and credit the opinion of a non-treating physician over that of a treating physician where the opinions are inconsistent, the ALJ must articulate "specific and legitimate reasons supported by substantial evidence" for doing so. *Id.* An ALJ satisfies the "substantial evidence" requirement by providing a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* In assigning weight to a medical opinion, the ALJ may consider whether the physician examined the claimant; the length, nature, and extent of the treatment relationship (if any); the degree of support the opinion has, particularly from medical signs and laboratory findings; the consistency of the opinion with the record as a whole; the physician's specialization; and "other factors." 20 C.F.R. §§ 416.927(c)(1)-(6). An ALJ may reject any medical opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. *See also Molina*, 674 F.3d at 1111 (stating that an "ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions") (internal quotations, brackets, and citation omitted); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming rejection of a treating physician's opinion that "was in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of [claimant's] medical condition, and was based on [claimant's] subjective descriptions of pain"). Medical opinions containing internal inconsistencies may also be properly rejected. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

At issue here is the ALJ's assignment of "partial weight" to the opinion of Plaintiff's treating neurologist, Dr. Donald Golen. (Pl. Br. at 9, R. at 26.) Dr. Golen rendered his opinions in a questionnaire dated May 24, 2016. (R. at 587-591, duplicate at R. 524–528.) Therein he opined that Plaintiff was capable of "moderate"[1] work stress; that Plaintiff's

---

[1] The options were "incapable of low stress," "low stress," "moderate stress," and "high stress." (R. at 589.)

symptoms were "seldom"[2] severe enough to interfere with attention and concentration; and that Plaintiff would likely be absent 2-3 times a month due to his impairments or treatment. (R. at 589–590.) He further opined that Plaintiff could not work around heights, with machinery, or operate a motor vehicle. (R. at 589.) The ALJ justified the "partial weight" by finding the "limits not supported by the greater record and acknowledged activity level of the claimant." (R. at 26, citing R. at 232–234 (daily activities questionnaire).) The ALJ also found the opinion that Plaintiff's symptoms are seldom severe enough to interfere with attention and concentration to be "internally inconsistent" with Dr. Golen's other findings. (R. at 26.)

These reasons were specific and legitimate—an ALJ is free to consider an opinion's consistency with the record as a whole, the degree of support it has, and any internal consistencies. However, these reasons were not supported by substantial evidence. More specifically, the ALJ did not provide a sufficiently "detailed and thorough summary of the facts and conflicting clinical evidence." It is unclear which "limits" are not supported by which portions of "the greater record." It is also unclear which of Plaintiff's activities contradict Dr. Golen's opinion. The greater record, for example, may actually support a restriction on not operating a motor vehicle because Plaintiff testified to not driving. (R. at 44.) Thus, the ALJ needs to specify in greater detail exactly what evidence in the "greater record" undermines which parts of Dr. Golen's opinion; which activities undermine the opinion; and what exactly the internal inconsistencies are. Without this detail, the Court does not find that substantial evidence justifies the ALJ's reasons for discounting Dr. Golen's opinion. The Court cannot supply a rationale the ALJ failed to supply. *Bray,* 554 F.3d at 1219; *Garrison,* 759 F.3d at 1010 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

…

…

---

[2] The options were "never," "seldom," "periodically," "frequently," and "constantly." (*Id.*)

**B. The ALJ improperly discounted Plaintiff's testimony.**

"Because symptoms sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone," the ALJ also considers a claimant's subjective testimony in determining the extent to which his impairments diminish his capacity for work. 20 C.F.R. § 416.929(c)(3). "At the same time, the ALJ is not 'required to believe every allegation of disabling pain [or symptoms], or else disability benefits would be available for the asking.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Because pain and symptoms "are subjective and difficult to quantify," the ALJ must determine the extent to which they can "reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 416.929(c)(3). Unless there is evidence of malingering by the claimant, an ALJ may only discount pain or symptom testimony for reasons that are "specific, clear, and convincing." *Garrison*, 759 F.3d at 1014–15. General findings pertaining to a claimant's credibility are not sufficient. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Rather, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [a reviewing court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Brown-Hunter*, 806 F.3d 487, 495 (9th Cir. 2015). In evaluating the testimony, the ALJ may consider "(1) ordinary techniques of credibility evaluation, such as the client's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1294 (9th Cir. 1996)); *see also* 20 C.F.R. §§ 416.929(c)(3)(i)–(vii). Additionally, an ALJ may consider a lack of supporting medical evidence but may not discount the testimony solely on that basis. *Burch v. Barnhart*, 400

F.3d 676, 681 (9th Cir. 2005). The ALJ may also consider the effectiveness of medications, because "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see* 20 C.F.R. § 416.929(c)(3)(iv).

Here, the ALJ found that, with proper medication management, Plaintiff's seizures only occurred once every 3 months, despite his allegation that they occurred 5-7 times a month. (R. at 24.) In support, the ALJ cited a treatment record from February 24, 2015 in which Plaintiff's physician noted that since Plaintiff began taking Depakote, an antiseizure medication, the frequency of Plaintiff's seizures decreased to just once every 3 months. (*Id.*, citing R. at 496.) In response, Plaintiff notes that the same treatment record simultaneously notes that his seizures occurred "MONTHLY." (Pl. Br. at 6.) Indeed, the treatment record contains both notations, which are inconsistent with one another. In such a circumstance "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954. Here, either interpretation of the record is rational. Thus, the ALJ did not improperly conclude that, as of February 24, 2015, Plaintiff's seizures occurred only once every 3 months with adherence to prescribed medication.

The issue then becomes whether Depakote remained an effective medication throughout the relevant time period or whether this was an isolated instance of improvement. At the next appointment on May 14, 2015, it was noted that Plaintiff was unable to tolerate Depakote and that lab results showed elevated amylase and lipase levels. (R. at 489, 492.) As a result, Plaintiff stopped taking Depakote. (R. at 492.) Thus, upon consideration of the record as a whole, it cannot be said that Depakote "effectively" controlled Plaintiff's seizures. Therefore, the ALJ's reference to Exhibit 19F/10 (R. at 496) does nothing to undermine Plaintiff's testimony and is not a "clear and convincing" reason to discount it.

The ALJ also found that Plaintiff's alleged symptoms were "not consistent with his reported activity level." (R. at 26.) The ALJ cited activities discussed by Plaintiff at the

hearing, which included: taking online classes (R. at 40), playing guitar everyday (R. at 46), being on a computer everyday (R. at 47), painting a couple times a week (R. at 46), and occasionally walking around the park (R. at 48). (R. at 26.) The ALJ also cited activities discussed by Plaintiff in an exertional daily activities questionnaire, which included: watching television, doing laundry, preparing meals, and taking care of personal care. (R. at 23, citing R. at 232–234.) But these particular activities do not undermine Plaintiff's complaints of seizures. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); *Cooper v. Bowen*, 815 F.2d 561, 557 (9th Cir. 1987) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.") (internal quotations and citation omitted). The ALJ also noted that Plaintiff has not driven a car since 2013 (R. at 23), which would tend to corroborate the alleged severity of his seizures rather than detract from it. Thus, the ALJ's discussion of Plaintiff's activities of daily living is not a "clear and convincing" reason to discount his testimony.

Last, the ALJ found that "objective medical findings reveal some limitations, but not to the extent alleged by the claimant." (R. at 26.) In particular, the ALJ noted that findings from a June 2013 EEG study were "normal." (R. at 24, citing R. at 337–345.) The ALJ further noted that repeat EEG studies in October 2014 and May 2015 likewise "revealed no evidence of interictal discharges, clinical events, or electrographic seizures." (R. at 24, citing R. at 440, 486.) In response, Plaintiff directs the Court to his physician's notation on the May 2015 EEG, which states: "[T]he absence of epileptiform activity or electrographic seizures on EEG does not exclude the presence of epilepsy." (Pl. Br. at 7, citing R. at 486.) Similarly, the regulations cited by Defendant do not require an EEG to establish epilepsy under Listing 11.00. 20 C.F.R. § 404, Subpt. P, App. 1, Listing 11.00(H)(5) ("We do not require EEG test results; therefore, we will not purchase them. However, if EEG test results are available in your medical records, we will evaluate them in the context of the other evidence in your case record.").

Given that EEG testing was not indicative of epilepsy on three separate occasions, the ALJ's conclusion that objective medical evidence did not support Plaintiff's allegations was rational. Thus, the Court finds this reason is sufficiently "clear and convincing." However, because this reason is the only one the Court finds legally sufficient, the ALJ's decision cannot be affirmed—the Ninth Circuit has held that a lack of objective medical evidence itself is insufficient to justify an adverse credibility determination.

## IV. REMEDY

The credit-as-true rule provides that a remand for calculation and award of benefits is appropriate when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting claimant testimony; and (3) if the improperly discounted testimony were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020. However, a court need not apply this rule rigidly and may instead remand for further administrative proceedings "when even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

Here, even though each element of the credit-as-true rule is met, evaluation of the record as a whole creates serious doubt that Plaintiff is, in fact, disabled. First, the lack of any objective medical evidence to support Plaintiff's allegations raises questions as to the alleged severity of the seizures and their effects. Second, the Court finds inconsistencies between Plaintiff's hearing testimony and the record. For instance, as noted by the ALJ, Plaintiff testified that he would occasionally go to the park. (R. at 26, citing R. at 48.) More specifically, he stated that he and his girlfriend would go to the park and "walk around." (R. at 48.) However, in the exertional daily activities questionnaire, Plaintiff stated, "I don't go on walks because I could have a seizure." (R. at 232.) Moreover, the seizure logs maintained by Plaintiff (R. at 235, 258, 284) were not always consistent with his testimony of experiencing 1-2 grand mal seizures per month and 4-5 petit mal seizures per month. For instance, his logs do not denote any kind of seizure in August 2015 or March 2017.

(R. at 258, 284.)

Plaintiff also seeks an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The Court instructs Plaintiff to file a motion in conformance with 28 U.S.C. § 2412(d)(1)(B) it he intends to pursue such an award.

**IT IS THEREFORE ORDERED**, reversing the decision of the Commissioner and remanding for further administrative proceedings consistent with this Order.

**IT IS FURTHER ORDERED**, directing the Clerk of Court to enter judgment accordingly and terminate this case.

Dated this 13th day of February, 2020.

Dominic W. Lanza
United States District Judge