1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| 9  Zachary Cox, | No. CV-18-08335-PCT-DWL |
| 10              Plaintiff, | **ORDER** |
| 11  v. | |
| 12  Commissioner of Social Security Administration, | |
| 13 | |
| 14              Defendant. | |

15          Pending before the Court is the motion for an award of attorneys' fees under 42

16   U.S.C. § 406(b), (Doc. 22), submitted by Plaintiff's counsel, John E. Phillips

17   ("Counsel").  Counsel seeks $9,529.90 in § 406(b) fees, which appears to exceed 25% of

18   Plaintiff's past-due benefits by $1.50.  (Doc.22-2 at 2.)

19          The client-attorney fee agreement provides for a contingency fee—Plaintiff agreed

20   that the attorneys' fee would be 25% of all past-due benefits awarded to her.  (Doc. 24-2

21   at 2.)  This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in

22   the context of social security appeals.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 802–04

23   (2002).

24          Section 406(b) "calls for court review" of contingency fee agreements.  *Id.* at 807–

25   08.  "Congress has provided one boundary line: Agreements are unenforceable to the

26   extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id.*

27   "Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for

28   the successful claimant must show that the fee sought is reasonable for the services

1  rendered." *Id.*

2  The Court must determine whether it is appropriate to reduce Counsel's recovery

3  "based on the character of the representation and the results the representative achieved"

4  by assessing, for example, whether Counsel is "responsible for delay" or whether "the

5  benefits are large in comparison to the amount of time counsel spent on the case."[1]  *Id.* at

6  808.  Counsel included a record of the hours he spent representing Plaintiff.  (Doc. 26-3.)

7  Having reviewed the timesheet, the Court finds no cause to reduce Counsel's recovery.

8  However, the Court will reduce the requested amount by $1.50, such that it will not

9  exceed 25% of Plaintiff's past-due benefits.

10  Accordingly,

11  **IT IS ORDERED** that Counsel's Motion for an Award of Attorney Fees under 42

12  U.S.C. § 406(b) (Doc. 25) is **GRANTED** in the amount of $9,528.40.

13  **IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of

14  the EAJA fee award and the § 406(b) fee award to Plaintiff.

15  Dated this 22nd day of February, 2021.

16

17

18  _____

Dominic W. Lanza
United States District Judge

19

20

21

22

23

24

25

---

[1]  This determination does not equate to use of the lodestar method.  *Crawford v.
Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates
attorneys for the risk they assume in representing SSDI claimants and ordinarily produces
remarkably smaller fees than would be produced by starting with the contingent-fee
agreement.  A district court's use of the lodestar to determine a reasonable fee thus
ultimately works to the disadvantage of SSDI claimants who need counsel to recover any
past-due benefits at all.").

- 2 -